**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

John Hyman,

*Plaintiff,*

*v.*

Albertsons Companies, Inc.,

*Defendant*

**COMPLAINT**

**3:24-cv-2537**

**JURY REQUESTED**

Plaintiff John Hyman ("Plaintiff"), by his counsel, Harman Green PC, alleges for his Complaint against Defendant Albertsons Companies, Inc. ("Defendant") as follows:

## PRELIMINARY STATEMENT

1. This case is about racial discrimination and Plaintiff raising his rights to be free of that discrimination.

2. Plaintiff is a white man.

3. Plaintiff was subject to harassment and discriminatory treatment while working under Defendant.

4. When Plaintiff complained about this discrimination, Defendant retaliated against him by cutting his hours, increasing his responsibilities, and denying his raise.

5. Plaintiff continues to suffer unremedied retaliation.

## JURISDICTION

6. Pursuant to 28 U.S.C. §1331 this Court may properly hear Plaintiff's claims as they arise under a federal statute.

7. Pursuant to 28 U.S.C. §1367 this Court may properly hear Plaintiff's State law claims as they arise out of the same nucleus of operative fact so as to create the same case or controversy.

8. Plaintiff timely filed with the Equal Employment Opportunity Commission, Charge

number 450-2024-10063 and received a Right to Sue letter on August 27, 2024. This case was filed within 90 days of receipt of that Right to Sue Letter.

## PARTIES

9. Plaintiff was and is a resident of Texas.

10. Defendant Albertsons Companies, Inc., has a principal place of business at 5710 Broadway Blvd, Garland, TX 75043.

## JURY DEMAND

11. Plaintiff respectfully requests a trial by jury.

## STATEMENT OF FACTS

12. Plaintiff worked as an assistant meat manager at Defendant's location in Garland, Texas.

13. Plaintiff has worked for Defendant for six years.

14. Plaintiff's employment remained relatively uneventful, until 2023 when he began working for Mr. Raymond Curo, Defendant's meat department manager.

15. Plaintiff was openly and constantly subjected to discriminatory comments from Mr. Curo against himself and all other white, English speakers.

16. For example, Mr. Curo said that he wished he had an "all Mexican or Spanish speaking crew" because they "work harder for less money."

17. Clearly, Mr. Curo was expressing that he preferred non-white and non-American employees.

18. Additionally, Plaintiff endured unreasonable working conditions under Mr. Curo's management.

19. Plaintiff was the only worker in the meat department who could interact with English-speaking customers because the rest of Mr. Curo's team only spoke Spanish.

20. In addition to his regular job duties, Plaintiff ran the whole department alone on

Tuesday, and was sometimes scheduled to work for a month straight, without any days off.

21. Plaintiff informed Mr. Curo of his overwhelming workload, but he was ignored.

22. In fact, Mr. Curo would scream at Plaintiff for not arriving to work hours before his shift would begin even though Plaintiff was not compensated for his time.

23. For example, on July 30, 2024, Plaintiff was berated for appearing only two hours before his shift began.

24. Mr. Curo, with no previous notice, demanded the Plaintiff appear four hours early.

25. Mr. Curo, upon information and belief, did this so that he could hit better management numbers by showing increased productivity per hour.

26. When Danny Alonso, Defendant's district boss, saw Plaintiff working alone, Plaintiff faced the fallout.

27. Defendant's store manager at the time, Kevin Richardson, unfairly issued Plaintiff a written warning for not meeting pacing expectations, despite the fact that Plaintiff previously complained about his workload.

28. Clearly, Defendants' agents only issued these disciplinary actions to punish and single out Mr. Hyman, the only white worker on his team.

29. Plaintiff was then forced to step down from his position as assistant meat manager.

30. After stepping down, Defendant directed Plaintiff to take on the same responsibilities and overwhelming workload, despite reduced pay.

31. Additionally, Plaintiff was denied his yearly raise by Mr. Curo, despite the raise being provided for as per store policy.

32. Defendant denied Plaintiff a raise for no other reason than discrimination and retaliation for objecting to his working conditions.

33. In September 2023, Mr. Hyman reached out to Defendant's Human Resources

representative Christy Bains to complain about what he believed was race discrimination.

34. Ms. Bains said she would "look into" the matter, but Defendant has failed to take any action.

35. Plaintiff continues to be subject to retaliation for reporting racial discrimination.

36. After receiving communication that Plaintiff intended to proceed with legal action, Plaintiff was called to schedule a meeting with Ms. Bains.

37. The next day, August 3, 2024, Plaintiff was told by an assistant manager in another department that Mr. Richardson had told Mr. Curo that Mr. Curo was authorized to find a replacement for Plaintiff immediately.

38. A week later, Plaintiff had his hours cut to 28 hours per week, four short of the 32 he needed to receive insurance benefits.

39. As of today, Plaintiff's hours have significantly been reduced to just sixteen hours per week.

40. Plaintiff is frequently yelled at and berated by Defendant's agents.

41. Plaintiff suffers daily panic attacks before work each day as a result of Defendant's discrimination and retaliation.

42. Because of the harassing and retaliatory acts, Plaintiff has been evicted from his home because he could not afford his rent.

## CAUSES OF ACTION
## FIRST CLAIM

**Race Discrimination under 42 USC 1981, Title VII, and Chapter 21 of the Texas Labor Law**

43. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 42 with the same force as though separately alleged herein.

44. Under Title VII, 42 USC 2000, Americans are afforded the right to be free from discriminatory animus.

45. 42 USC 1981 tracks and mirrors Title VII, but has a 'but-for' standard whereas Title VII relies on mixed motive.

46. Chapter 21 of the Texas Labor Code tracks and mirrors Title VII and incorporates it as Texas State Law.

47. Plaintiff is a white man who was discriminated against because he is among the minority of Defendant's employees who are white.

48. Defendant expressly told Plaintiff that they preferred "an all Mexican or Spanish-speaking crew."

49. Plaintiff was harassed and treated differently based on his race.

50. Defendant then ironically exploited Plaintiff's English-speaking ability to give him an overwhelming workload in a customer-facing role, and then unfairly disciplined him.

51. As such, Defendant intentionally and willfully violated Plaintiff's right to be free from discrimination, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages, attorney fees, costs, and expenses.

## SECOND CLAIM

**Retaliation under 42 USC 1981, Title VII, and Chapter 21 of the Texas Labor**

52. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 42 with the same force as though separately alleged herein.

53. Under Title VII, 42 USC 2000, Americans are afforded the right to be free from discriminatory animus. Likewise, they are afforded protection from retaliation when they complain about race discrimination.

54. 42 USC 1981 tracks and mirrors Title VII in all respects and relies on the same case law analysis.

55. Chapter 21 of the Texas Labor Code tracks and mirrors Title VII and incorporates it as Texas State Law.

56. Plaintiff is a white man.

57. Plaintiff faced discrimination because he is a white man.

58. Plaintiff complained of this discrimination to Defendant's Human Resources Department.

59. As a result of complaining, Defendant retaliated against Plaintiff by denying his raise and repeatedly cutting his work hours.

60. As such, Defendant intentionally and willfully violated Plaintiff's right to be free from retaliation, and owes Plaintiff all front pay, back pay, emotional distress damages, punitive damages, attorney fees, costs, and expenses.

## THIRD CLAIM

### Failure to pay wages

61. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 42 with the same force as though separately alleged herein.

62. Plaintiff was demanded to arrive at work many hours before his shifts began without any compensation.

63. It is fundamental that under the Fair Labor Standards Act, any time when an employer demands an employee act for the corporation, including for time spent 'waiting' for

assignment, that employee must be compensated for his time spent 'working.'

64. Plaintiff routinely was told to arrive at work and be prepared to work before his shift began.

65. Plaintiff was 'waiting' and 'working' for approximately two hours before his shifts began, which is compensable time he was not paid for.

66. As such, Defendant owes Plaintiff all compensable time, all wages that have been yet to be paid, all liquidated damages, and all other relief the Court may deem just and proper, such as emotional distress damages, punitive damages, attorney fees, costs, and expenses.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

B. For the second cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements;

C. For the third cause of action, damages for wages and emotional distress, compensatory damages yet to be determined, attorneys' fees, interest, costs and disbursements; and

D. For such other and further relief as the Court deems just and proper.

Dated:
October 8, 2024

**HARMAN GREEN PC**

By: ______________________
Walker G. Harman, Jr.
824 Exposition Ave.,
Suite 8
Dallas, Texas 75226
(646) 248-2288
wharman@theharmanfirm.com
erichardson@theharmanfirm.com
*Attorneys for Plaintiff*